# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### OCTOBER 16, 2003 Session

## ANTOINE LAMARR v. CITY OF MEMPHIS, ET AL.

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-01-1967-2     Floyd Peete, Jr., Chancellor**

---

**No. W2002-02087-COA-R3-CV - Filed February 27, 2004**

---

### SEPARATE CONCURRENCE

---

I agree with the result reached by the majority in this case, but I write separately because I disagree somewhat with the reasoning used by the majority. Although I agree that there was substantial and material evidence upon which the Memphis Civil Service Commission could determine that the new zero tolerance policy was properly communicated to police officers such as Antoine LaMarr, I think this is a peripheral issue.

LaMarr was not terminated for violating the new zero tolerance policy. LaMarr was found to have violated D.R. 104, the Police Department's rule prohibiting conduct which reflects adversely on the Department or its members. From the Commission's review of the proof, there was ample evidence from which to conclude that LaMarr had violated this policy. He was involved in a one-car accident in the middle of the night. Although he admitted to having consumed alcohol and spending the evening at a nightclub and his voice was slurry at the scene, he refused a blood-alcohol test. LaMarr contended that he consumed no alcohol in his 3 1/2 hours at the club because he was sick, and at the same time maintained that he spent most of his time at the club dancing. LaMarr told the Commission that his car was forced off the road by an eighteen-wheeler truck, but had said nothing about this to the officer at the scene. The Commission concluded that the testimony LaMarr gave was "neither credible nor logical." Clearly there was plenty of evidence to support the conclusion that LaMarr violated D.R. 104, and that termination was warranted.

LaMarr's defense regarding the new zero tolerance policy appears to be that no one had told him that D.R. 104 would really be enforced. This is smokescreen. The real issue is whether there was sufficient evidence to support the Commission's conclusion that LaMarr violated D.R. 104, the Department's longstanding rule prohibiting conduct which would reflect adversely on the

Department.  Clearly there was more than enough evidence to support this conclusion, and I would uphold the termination on this basis.

For these reasons, I concur separately.


_____
HOLLY M. KIRBY, J.